IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADAM FRANCIS,<br><br>                Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Defendant. | **8:22CV169**<br><br>**MEMORANDUM AND ORDER** |

      This matter comes before the Court on Plaintiff's, Adam Francis's, motion for attorney fees in the amount of $7,057.39 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Filing No. 26. Defendant, the Acting Commissioner of the Social Security Administration, does not object to the motion. Filing No. 27.

      The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)–(2)(B)). "The fees awarded must be reasonable." 28 U.S.C. § 2412(d)(2)(A)(ii). A reasonable fee under § 2412 will not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

      For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(2)(A). Substantial justification occurs when the Commissioner's position has a clearly

1

reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that its position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not argue its position was substantially justified and does not object to Plaintiff's EAJA motion. Filing No. 27 at 1.

The Court finds that Plaintiff is entitled to attorney fees under the EAJA. Plaintiff is the prevailing party. Filing No. 24; Filing No. 25. Additionally, Plaintiff's net worth did not exceed $2,000,000 at the time of filing this civil action. Filing No. 5 (order granting motion for leave to proceed in forma pauperis). Plaintiff requests attorney's fees totaling $7,057.39 for 28.8 hours worked in 2022 and 1.2 hours worked in 2023. Filing No. 26-2 at 1. This equates to an hourly rate of $234.95 per hour in 2022 and $242.35 per hour in 2023. Filing No. 26-2 at 1. Plaintiff argues the increase in hourly rates from the $125 baseline reflects an increase in the cost of living, as evidenced through the cost-of-living index changes. Filing No. 26-3 at 1.

An increase for the cost of living is generally allowed. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). The Court further finds that the increase in cost of living justifies a fee higher than $125 per hour and that the rates Plaintiff requested are reasonable. The Court carefully reviewed the hours submitted and finds them reasonable in all aspects. Thus, the Court concludes that both the amount requested, and the hours expended, are reasonable.

IT IS ORDERED:

1. Plaintiff's motion for attorney fees, Filing No. 26, is granted.

2. Pursuant to the Equal Justice Act, attorney fees in the amount of $7,057.39 are to be paid to Plaintiff's attorney, Kappelman Law Firm, less any offset to satisfy a preexisting date to the United States.

3. A separate judgment will be entered in conjunction with this Memorandum and Order.

Dated this 30th day of November, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge